METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, Appellant, v. RALPH HENDERSON et al., Defendants; RALPH HENDERSON et al., Defendants, Appellees.

No. 44264.

APRIL 5, 1938.

Henry Read and Tinley, Mitchell, Ross, Everest & Geiser, for appellant.

Thornell, Thornell & Nichols, for appellees.

Eaton & Mauk, for defendants Anderson Sav. Bank and William Kerr, trustee.

KINTZINGER, J.—On March 2, 1925, the defendants Ralph Henderson and Clara Henderson, his wife, executed a note in the sum of $14,000, secured by a mortgage on 180 acres of land in Fremont county, Iowa. Default being made on the payment of the interest due March 1, 1934, and the payment of the first half of the taxes of 1935, plaintiff, on May 20, 1936, commenced this action to foreclose the mortgage in the district court of Fremont county, Iowa.

Shortly after the commencement of the action, the defendants Ralph and Clara Henderson filed an application for a continuance to March 1, 1937. This application was granted and an order was entered continuing the case to March 1, 1937. No question is raised as to the validity of this continuance.

On February 26, 1937, the defendants filed an application for a further continuance to March 1, 1939, under chapter 80 of the 47th General Assembly. Plaintiff filed a resistance thereto, and at the close of the hearing on said application an order was entered on April 12, 1937, granting the continuance to March 1, 1939. Plaintiff appeals.

No question is raised as to the jurisdiction of the district court in conducting a hearing on this application.

The plaintiff contends that the court erred in granting a continuance for the following reasons:

(1) That the land was incumbered far in excess of its value.

(2) That the mortgagors were insolvent.

(3) That the only purpose of the application for a continuance was to postpone the foreclosure without any intention on the part of defendants to refinance, and with no reasonable expectation of being able so to do, except in the event of an inflation of money; and that the application was not made in good faith.

Section 2 of chapter 80 of the 47th General Assembly provides that:

"In all actions for the foreclosure of real estate mortgages * * * now pending in which decrees have not been entered * * * in any court of record in the state of Iowa, * * * the court, upon the application in good faith of the owner or owners of such real estate, * * * shall upon hearing upon an application filed for a continuance, order said cause continued until March 1, 1939, *unless good cause is shown to the contrary,* and

* * * shall make order or orders for possession of said real estate giving preference to the owner * * *, determine a fair rental * * * and * * * order the application and distribution of the rents, income, and profits from said real estate and make such provision for the preservation of said property as will be just and equitable during the continuance of said cause,'' etc. (Italics ours.)

Section 3 of this act provides:

''A showing of *present insolvency* of the mortgagor or mortgagors and/or *present inadequacy of the security* shall in themselves not be sufficient to constitute good cause for refusal to grant a continuance.'' (Italics ours.)

I. Appellant contends that appellees' application was not made in good faith. The evidence shows that appellees purchased this property about twenty years ago at a price of $230 an acre, or over $41,000. The mortgage placed upon this property was $14,000. Appellees always paid the interest and taxes on this property until they were unable to do so by the depression and drought of recent years. At the time of the hearing the amount due upon the note and mortgage, with interest, was about $16,000. Although the property has decreased in value more than 60 per cent, the record shows that at the time of the hearing the property was still reasonably worth $85 an acre, or $15,300.

In addition to the mortgage indebtedness of $16,000, the appellees are also indebted on a subsequent mortgage in the sum of $320. Appellant contends there is an additional mortgage indebtedness of $1,058 against the land, but this has not been established by the evidence. Therefore, the total amount of the indebtedness against this property at the present time is about $16,320, against a property value of $15,300.

Since the foreclosure proceedings were commenced, the entire farm, consisting of 180 acres, and the rental thereof, was placed in the hands of appellant's agent for its benefit.

During the last two years prior to the hearing, all of the rentals were paid to the plaintiff company, and during that time appellee paid the insurance on the property out of his own pocket and has not used a penny of the income for his own use.

Under such circumstances, it cannot be said that the lower court abused its discretion in refusing to hold that the application was not made in good faith.

II.   Among other things, section 2 of chapter 78 of the 47th General Assembly provides that:

"The court shall, unless upon hearing upon said application good cause is shown to the contrary, or said application is found not to have been made in good faith, order that no sheriff's deed shall be issued until March 1, 1939, and in the meantime said owner or owners may redeem such property, and are entitled to possession thereof."

By this statute it is mandatory upon the court to grant the application unless good cause is shown to the contrary, and the burden of making such a showing is placed upon the plaintiff by the statute.

Section 3 of chapter 80 of the 47th General Assembly also provides that a showing of *present insolvency* of the mortgagors, or *present inadequacy of security,* shall not in themselves be sufficient to constitute good cause for a refusal to grant a continuance within the meaning of section 2, chapter 80, 47th General Assembly.

It is evident from the wording of this statute that something more than insolvency or inadequacy of the security must be shown to justify a refusal to grant a continuance.  The only showing made for refusing to grant the continuance in this case is that the security is not sufficiently adequate to meet the indebtedness and that appellees may be insolvent.

It is a matter of common knowledge that the depreciation in farm values was caused principally by the depreciation in the price of farm products.  It is also a matter of common knowledge that the value of farm products has materially increased since the depression of 1931, 1932, and 1933.  While the property also suffered from the drought of recent years, the evidence shows that the property is normally good corn land and has always raised reasonably fair crops; that the crops produced in 1937 were fairly good; and that the prices received therefor were higher than they had been in 1931, 1932, and 1933.  It is therefore reasonable to expect that the land in question may again be blessed with sufficient moisture during the crop season of 1938 to yield another fair crop and that the

prices therefor will remain reasonably high. As the drop in farm values resulted from the extremely low value of farm products, it is reasonable to expect that a return of better crops and higher prices will cause a sufficient rise in land values to enable the appellees to salvage some of their property.

III. Appellant contends that appellees do not intend to refinance their property and that, because of some language used by the defendant Ralph Henderson in his evidence, it will be impossible for them so to do. The language used by him, however, will not bear that construction. It is true that he may have said that he did not intend to refinance the land, but it is likewise true that he said: ''I thought I would stave off the mortgage, this foreclosure, until maybe something would happen, the government would inflate the money *or something would happen to put the land up* * * * and I could sell it and have an equity in it and buy forty acres or something.'' The import of this evidence is that he expected a sufficient rise in the price of land before the 1st of March, 1939, to enable him to save part of it if it was sold. The testimony tends to show that one fair crop of corn on this farm at a price of 50 cents a bushel would cut the mortgage down below its original amount. This is certainly not expecting that it would be hopelessly impossible to redeem.

IV. There is no testimony in this record tending to show what other property appellees have. It cannot therefore be said that appellees are insolvent.

Conceding, however, that appellees' insolvency has been established, and that the security for the mortgage is inadequate, the statute hereinabove cited provides that insolvency and inadequate security in themselves shall not be sufficient to constitute good cause for refusing a continuance.

It is our conclusion that no other testimony was offered in this case which, together with such insolvency or inadequate security, would be sufficient to constitute good cause for refusing the continuance. We are therefore constrained to hold that appellant has failed to show good cause for refusing a continuance, and there was no abuse of its discretion by the lower court in so holding.

The constitutionality of this statute has not been raised on this appeal, and that question is therefore not considered.

The conclusion reached in this case is supported and con-

trolled by the rulings in the case of Replogle v. Ebert, 223 Iowa 1007, 274 N. W. 37, and First Trust Joint Stock Land Bank of Chicago v. Albers, 224 Iowa 865, 1. c. 874, 277 N. W. 451, 456.

In the latter case this court said:

"* * * the law does not require or place any burden whatever upon the appellees to make any showing that they are entitled to the extended period of redemption, but the very provisions of the act itself require that the extended period of redemption be granted unles good cause is shown to the contrary."

Appellant relies upon cases such as Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338, and Reed v. Snow, 218 Iowa 1165, 254 N. W. 800, in claiming that no continuance should be granted. These and similar cases are distinguished from facts similar to those in the instant case by Replogle v. Ebert, supra, and First Trust Joint Stock Land Bank of Chicago v. Albers, supra, and it is our conclusion that the Wilmarth and similar cases are not controlling here.

For the reasons hereinabove expressed, the order of the lower court in granting a continuance to appellees is hereby affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, DONEGAN, MITCHELL, RICHARDS, and MILLER, JJ., concur.

SAGER, J., concurs in result.