PRUDENTIAL INSURANCE COMPANY of America, Appellee, v. HANS P. SOLOTH et al., Appellants.

No. 44182.

May 3, 1938.

Karl F. Geiser and Quintard Joyner, for appellee.

Allan Ardell, for appellants.

MILLER, J.—On April 11, 1934, appellee filed its petition praying for the foreclosure of a certain real estate mortgage upon premises owned by appellants. Thereafter, on September 25, 1934, decree was entered as prayed, following which the premises involved were sold under special execution to appellee on October 30, 1934. On May 14, 1935, an order of court was entered extending the period of redemption to March 1, 1937.

On February 27, 1937, in compliance with the provisions of chapter 78 of the Acts of the 47th General Assembly, appellants filed an application, therein asking that the period of redemption be extended to March 1, 1939. No order was entered fixing time when said application would come on for hearing. Thereafter, on March 5, 1937, appellee filed its resistance to said application for an extension of the redemption period, said resistance in its entirety being in words and figures as follows, to wit:

"That the Court has no jurisdiction of the subject matter of the above entitled cause of action and said application and is without jurisdiction to grant said application for reason that the redemption period expired February 28, 1937, and no order was made prior to the 1st day of March, 1937, setting the time and place of hearing on said application, and prescribing the kind of notice to be given the Plaintiff; that the redemption period has now expired and the Court is without jurisdiction to grant said application."

Said matter was thereafter submitted to the court and on

May 5, 1937, the court entered an order overruling and denying said application to extend the period of redemption, from which order appellant appeals.

It is to be noted that appellee makes no resistance to the application for an extended period of redemption upon any contention other than that the court was without jurisdiction to grant said application, for the reason that the redemption period expired on February 28, 1937, and no order was made prior to the expiration of such redemption period setting time and place of hearing upon the application, and prescribing the notice to be given thereof.

The facts involved herein and likewise the contention of appellee herein are identical with the facts and contention in the case of Prudential Insurance Company v. Lowry, 225 Iowa 60, 279 N. W. 132; and the opinion in that case is decisive of the instant case. Therein, in construing the provisions of chapter 78 of the Acts of the 47th General Assembly, this court determined that in all actions where an order had heretofore been granted extending the period of redemption, and wherein an application for further extension was filed before March 1, 1937, that such period was further extended until after the hearing upon the application.

This cause was assigned for submission before this court on March 10, 1938, and was actually submitted on March 11, 1938. On March 9, 1938, appellee filed a motion to dismiss the appeal, notice of which was not served upon counsel for appellants until March 21, 1938. Rule 19 provides that motions must be served upon the opposite party or attorney ten days before the morning on which the causes for the district are set for hearing, except where the causes thereof arise after the filing of the abstract. The basis of appellee's motion to dismiss arose long before the filing of the abstract, and for these reasons the filing of this motion to dismiss was untimely and cannot be considered.

In conformity with the opinion in the Lowry case it follows that the order and ruling of the trial court herein was erroneous and that the same must be and is hereby reversed.—Reversed.

STIGER, C. J., and ANDERSON, MITCHELL, KINTZINGER, DONEGAN, and RICHARDS, JJ., concur.