PRUDENTIAL INSURANCE COMPANY of America, Appellant, v. FRANCIS LEO KELLEY et al., Appellees.

No. 44156.

MAY 3, 1938.

Van Ness & Stillman and Quintard Joyner, for appellant.

Frank S. Lovrien, for appellees.

MILLER, J.—On February 23, 1933, appellant filed its petition praying for the foreclosure of a certain real estate mortgage upon premises owned by appellees. Thereafter, on March 13, 1933, decree was entered as prayed, following which the premises involved were sold under special execution to appellant on April 29, 1933. On May 17, 1934, an order of court was entered extending the period of redemption to March 1, 1935, and on May 29, 1935, said period of redemption was again extended to March 1, 1937.

On February 27, 1937, in compliance with the provisions of chapter 78 of the Acts of the 47th General Assembly, appellees filed an application, therein asking that the period of redemption be extended to March 1, 1939. On March 8, 1937, an order of court was entered, which order fixed the 20th day of March, 1937, as the time when said application would come on for hearing, and which order likewise prescribed the notice to be given on such hearing.

Thereafter, on March 16, 1937, appellant filed its resistance

to said application for an extension of the redemption period; said resistance in its entirety being in words and figures as follows, to wit:

"That the Court has no jurisdiction of the subject matter of the above entitled cause of action and said application, and is without jurisdiction to grant said application for the reason that the redemption period expired on February 28, 1937, and no order was made prior to the 1st day of March, 1937, setting the time and place of hearing on said application and prescribing the kind of notice to be given the plaintiff; that the redemption period has now expired and the Court is without jurisdiction to grant said application."

Said matter was thereafter submitted to the court, and on May 26, 1937, the court entered an order granting the application and extending the period of redemption to March 1, 1939, from which order appellant appeals.

It is to be noted that appellant makes no resistance to the application for an extended period of redemption upon any contention other than that the court was without jurisdiction to grant said application for the reason that the redemption period expired on February 28, 1937, and no order was made prior to the expiration of such redemption period setting time and place of hearing upon the application, and prescribing the notice to be given thereof.

The facts involved herein, and likewise the contention of appellant herein, are identical with the facts and contention in the case of Prudential Insurance Company v. James Lowry, 225 Iowa 60, 279 N. W. 132; and the opinion in that case is decisive of the instant case. Therein, in construing the provisions of chapter 78 of the Acts of the 47th General Assembly, this court determined that in all actions wherein an order had heretofore been granted extending the period of redemption, and wherein an application for further extension was filed before March 1, 1937, that such period was further extended until after the hearing upon the application.

In conformity with the opinion in the cited case, it follows that the order and ruling of the trial court was correct and the same must be and is hereby affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, MITCHELL, DONEGAN, RICHARDS, and KINTZINGER, JJ., concur.