Clark Sumner CUMMINGS, Petitioner,

v.

John E. BENNETT, Warden, Iowa State
Penitentiary, Respondent.

No. 17488.

United States Court of Appeals
Eighth Circuit.

Nov. 7, 1963.

Before JOHNSEN, Chief Judge, and
MATTHES, Circuit Judge.

PER CURIAM.

Petitioner, an Iowa prisoner, makes
application to have a certificate of prob-
able cause issued by a judge of this
Court to enable him to take an appeal
from the District Court's denial and dis-
missal of his petition for a writ of ha-
beas corpus. His petition was the sixth
attempt made by him to have the Dis-
trict Court for the Southern District of
Iowa release him from his incarcera-
tion.

His claim is that he is being subjected
to double jeopardy, in that the sentence
which he is being made to serve consti-
tutes a second commitment and impris-
onment for his offense. He alleges that
a judgment of conviction and sentence
was entered against him in 1946, which
provided that "he is hereby sentenced
and committed to the Iowa State Peni-
tentiary at Fort Madison, Iowa, for the
period of his natural life"; that in 1949
another judgment was entered against
him for the same offense, which provid-
ed that "he is hereby sentenced and com-
mitted to the Iowa State Men's Reforma-
tory at Anamosa, Iowa, * * * for
the term of his natural life"; and that

1

when he thereupon was taken from the State Penitentiary to the Men's Reformatory, the effect was to release and discharge him from the judgment of sentence and commitment to the State Penitentiary and to make operative against him a new judgment of sentence and commitment, thus subjecting him to a second punishment.

The fallacy in this is what the state court did in 1949 was not to render another judgment of conviction and sentence against petitioner, but merely, as recited in its order, to make "an amendment to the commitment heretofore issued", leaving standing the conviction and sentence-term originally imposed and only changing the place designated in the commitment for his confinement from the State Penitentiary to the Men's Reformatory. The amendment was made pursuant to the mandate of the Supreme Court of Iowa in Cummings v. Lainson, 239 Iowa 1193, 33 N.W.2d 395, cert. denied 336 U.S. 944, 69 S.Ct. 811, 93 L.Ed. 1101, which was a habeas corpus proceeding brought by petitioner in the state court involving a similar contention as here.

The Iowa Supreme Court held that the sentencing court had committed only an "irregularity" or error in the institutional designation made, in view of the provision of § 789.16, Iowa Code 1946, that "[a]ny male person who shall be committed to the penitentiary, except those convicted of murder, treason, sodomy, or incest, and who at the time of commitment is between the ages of sixteen and thirty years, and who has never before been convicted of a felony, shall be confined in the men's reformatory; * * *".

Petitioner at the time he was sentenced was 23 years old; he had not previously been convicted of a felony; and the offense with which he was charged was not one which was within the exceptions of the statute as to reformatory confinement.

The basis on which the Iowa Supreme Court held that designation of the State Penitentiary instead of the Men's Reformatory was, under the State's penal concepts and provisions, an irregularity merely and did not constitute substance in punishment which could void the judgment, was that § 708.9, Iowa Code of 1946, covering the offense committed by petitioner, provided that a violator "shall, upon conviction * * * be imprisoned in the penitentiary"; that § 789.16, supra, (in the language of the Court) "merely undertakes to name the place of confinement for certain law violators who have received a penitentiary commitment"; that, as to this aspect of confinement, there existed no such institutional difference in Iowa penal setup as to involve a punitive substance, since the reformatory was in "character" simply "a part" or "department" of the penitentiary itself. 33 N.W.2d at 398 and 399. In fact, under the Iowa Code the State Board of Control has power to make permissive transfers between the two institutions administratively. §§ 246.12 and 246.13, I.C.A. Cf. Bassett v. Tahash, 8 Cir., 315 F.2d 393.

Petitioner contends, however, that in any event no such change or modification could validly be made without having him brought before the court and a new judgment pronounced. Only if a change of penal substance were involved in the making of such an institutional redesignation could there be any possible basis to attempt to argue that Iowa would not be able to make such a redesignation without a further pronouncement in petitioner's presence, as a matter of procedural due process.

But as indicated above, the Iowa Supreme Court clearly had the right to hold, under the State's penal concepts and provisions, and on the institutional character and relationship involved, that the judgment of conviction and sentence was not void; that only an error or irregularity existed from the improper institutional designation made; that, since no penal substance was involved so far as petitioner was concerned, correction as to the place of confinement was a matter which it had the power to make or direct when the situation was properly

before it; and that under § 663.38, Iowa Code of 1946, the power or jurisdiction was expressly conferred upon it to make or direct such a correction upon the matter being brought before it in a habeas corpus suit.

There is in this no basis to claim that petitioner was being subjected to two punishments and hence double jeopardy, nor is any question of procedural due process of federal substance involved.

Application to have a certificate of probable cause issued denied.