### In the Matter of the ADOPTION OF Sandra J. BLANCHARD and Donald L. Blanchard.

### No. 53895.

Supreme Court of Iowa.

Sept. 2, 1970.

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

Napier, Napier & Wright, Fort Madison, for appellees.

LeGRAND, Justice.

This is an appeal from a decree of adoption. It is an equitable proceeding, and our review is de novo. In re Adoption of Ellis, 260 Iowa 508, 513, 149 N.W.2d 804, 807; In re Adoption of Moriarity, 260 Iowa 1279, 1285, 152 N.W.2d 218, 221, and citations.

Herbert Eugene Blanchard, the natural father of Sandra J. Blanchard and Donald L. Blanchard, was divorced from their mother in December of 1959. She has since remarried and is now Delores Rippenkroeger. Her present husband is Francis Rippenkroeger, the petitioner asking adoption of the two children heretofore named. Herbert Eugene Blanchard has also remarried since the divorce.

There is only one proposition urged for reversal: that Herbert Eugene Blanchard

442

did not consent to the adoption and that section 600.3, Code of Iowa, makes such consent mandatory before an adoption may be permitted under the circumstances existing here. We limit our consideration accordingly.

The applicable part of section 600.3 provides:

" * * * [T]he consent of both parents shall be given to such adoption unless one is dead, or is considered hopelessly insane, or is imprisoned for a felony * * *."

Herbert Eugene Blanchard did not give his consent to the adoption. At the time of the hearing he was imprisoned in the penitentiary at Fort Madison, Iowa, having been convicted of a felony for violation of section 724.2, Code of Iowa. However, he appeared at the hearing, resisted the adoption, and testified in opposition thereto. The trial court found that Blanchard's consent was unnecessary under the statute because he was then imprisoned on a felony charge. The sole issue now before us is the claim that such imprisonment was illegal and that the applicable portion of section 600.3 is operative only when the imprisonment is a legal one.

Blanchard was convicted of violating section 724.2, Code, in January of 1968. He was sentenced to serve a term of not more than five years in the penitentiary. He attempted to appeal that conviction, but his appeal was dismissed for failure to file a proper notice. Thereafter he started habeas corpus proceedings, which were decided against him by an opinion of this court filed May 6, 1969. See Blanchard v. Bennett, Iowa, 167 N.W.2d 612. Although the opinion was filed subsequent to the adoption hearing, it was before the trial court prior to entry of the decree, and the trial court referred to the decision as settling the legality of Blanchard's imprisonment.

Nothing appears in the record concerning the issue here raised except Blanchard's conviction; his imprisonment in the State Penitentiary; and his unsuccessful attempt,

first, to upset his conviction by appeal and, later, to attack it by habeas corpus proceedings.

Blanchard now seeks to establish the illegality of his imprisonment by reciting matters in his brief and argument which are entirely outside the record and were not before the trial court. Subsequent to his unsuccessful attempt at habeas corpus, he instituted proceedings in federal court where it was held refusal to permit his appeal had violated his constitutional rights. He was ordered returned to Lee County district court for re-sentencing with a right to appeal therefrom. These matters appear only in the brief and argument; they are not part of the record.

While our review is de novo, it is de novo only of proceedings had in the trial court. We cannot consider here evidence which was not presented there. The matters upon which Blanchard now relies are not properly before us. In 4 Am.Jur. 2d, Appeal and Error, section 491, page 933, appears this statement, "The rights of the parties to an appellate proceeding must be determined on the record before the appellate court. * * * Matters which are simply included in or attached to the record without authority of law do not become part of it and cannot be considered by the appellate court. * * *" See also 4A C.J.S. Appeal and Error § 680, page 512.

In Morrow v. Smith, 145 Iowa 514, 516, 124 N.W. 316, we held our consideration of facts on appeal was "necessarily confined to those appearing in the abstract." There we refused to recognize information "vouchsafed to us in the briefs of counsel."

Kelly v. Kelly, 293 Ky. 42, 168 S.W.2d 339, 342, 148 A.L.R. 331 reaches the same conclusion. As bearing on this question, although not directly in point, see also First Trust Joint Stock Land Bank of Chicago, Ill. v. Burke, 225 Iowa 55, 57, 280 N.W. 467 (refusing to pass on an issue upon which the record showed no evidence); Brooks v. Engel, Iowa, 159 N.W.2d 438, 439 (holding the record must contain all matters

important to the issues to be determined); and Spies v. Prybil, Iowa, 160 N.W.2d 505, 507 (holding we could not consider the existence of an alleged agreement where the record showed no evidence concerning it.)

We hold we are confined to the record made in the trial court; that the matters relied upon by Blanchard are not a part of that record; that the recitation of facts in his brief and argument does not entitle us to consider them; and that on the record made the sole proposition urged for reversal is without merit.

We therefore hold the decree of the trial court should be affirmed.

Affirmed.

All Justices concur.