# IN THE COURT OF APPEALS OF IOWA

No. 22-1498
Filed September 13, 2023

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**DAKOTA NEIL BISHOP,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.


A defendant petitions for a writ of certiorari following his resentencing.

**WRIT SUSTAINED AND REMANDED WITH DIRECTIONS TO CONDUCT A**

**RESENTENCING HEARING.**


Debra S. De Jong, Orange City, for appellant.

Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.


Considered by Greer, P.J., and Schumacher and Badding, JJ.

**GREER, Presiding Judge.**

Faced with a less than clear record over how the resentencing occurred, we are asked to address the interplay between a document, labeled a "stipulation," and the district court's resentencing order. Finding a hearing was required before resentencing could occur, we remand to allow Dakota Bishop his day in court.

To begin, in February 2022, Dakota Bishop was arrested for one felony charge of second-degree theft, one aggravated misdemeanor charge of third-degree theft, and one serious misdemeanor charge of possession of a controlled substance (methamphetamine) in Polk County. At the time, he also faced probation revocations in Dallas and Greene Counties. Bishop pled guilty to all three Polk County charges pursuant to a plea agreement, which suspended all sentences, with the theft sentences running concurrent to one another but consecutive to the possession sentence. Under the plea agreement, all three Polk County charges would run consecutively to the Dallas County matter, once resolved, "for a total period as determined by the Department of Corrections." Likewise, in his written guilty plea for all three charges, Bishop waived his right to make a record of plea or sentencing proceedings, make a statement of allocution, or be present at a plea or sentencing proceeding. In August, the sentencing court accepted the plea deal and sentenced him, following the plea agreement terms.

But, after he was sentenced, Bishop filed a "Stipulation and Agreement to Amended Sentence and Disposition"[1] in September, which stated:

---

[1] Bishop suggests we consider this document a motion to reconsider the sentence and that the court "had no authority to 'resentence' Bishop unless it was doing so as a reconsideration."

> After [the Polk County] dispositional orders were entered, the State's counsel and Defendant's counsel were contacted by the Department of Corrections with concerns about Defendant's probation sentence in light of Defendant's Greene County matter (FECR014441), where his probation was revoked and he was sentenced to five years in prison by imposition of his original sentence on July 6, 2022, and his Dallas County matter (FECR041614), where his probation was revoked and he was sentenced to five years in prison by imposition of his original sentence on September 2, 2022.

Bishop asked "to have his sentences in these Polk County matters converted from probation and suspended sentences to terms in prison running concurrent with his prison sentence in the Greene County and Dallas County matters," but he asserted that "[a]ll other aspects of the dispositional orders in these matters [were] to remain in full effect." There was no indication in the "stipulation" document that the State joined in the stipulation, and the State never formally responded to Bishop's requested relief.[2]

Without a hearing, the sentencing court filed a resentencing order, which noted Bishop appeared by written waiver and through his counsel. The sentencing court resentenced Bishop to a period not to exceed five years for the second-degree theft charge, not to exceed two years for the third-degree theft charge, and not to exceed one year for the possession charge. But, contrary to Bishop's request, the court ran the Polk County sentences consecutive to the Dallas County sentences. No reference was made to the Greene County cases.

---

[2] Because the "stipulation" makes reference to the Department of Corrections having contact with the State and Bishop with concerns over the probation sentence, we can assume there may be other communications about this with counsel or the court, but our record does not afford us the ability to know what transpired before the resentencing order was issued.

Bishop appealed from that resentencing order, arguing the court "mistakenly" ordered the prison terms to be consecutive when he asked in the stipulation that they be served concurrently. He also argued an in-person resentencing hearing was required. The State moved to dismiss, arguing that Bishop lacked good cause to appeal following his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (2022). Before transferring the case to us, our supreme court denied the motion and ordered the notice of appeal be treated as a petition for writ of certiorari. *See* Iowa R. App. P. 6.108. We grant the petition and proceed to the merits of Bishop's claim.

"A writ of certiorari lies when a district court exceeds its jurisdiction or otherwise acts illegally. 'Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law.'" *State v. Iowa Dist. Ct.*, 989 N.W.2d 652, 654 (Iowa 2023) (quoting *Lozano Capuzano v. Iowa Dist. Ct.*, 940 N.W.2d 431, 434 (Iowa 2020)). Because Bishop challenges the legality of his sentence, we review for correction of errors at law. *See id.* So, we examine Bishop's challenges, limiting our review to his second point that the district court erred by not providing him a resentencing hearing. Because we find he is correct, we do not address the resentencing order issued without a hearing.

*Was Bishop Entitled to a Hearing?* Bishop maintains that the sentencing court acted illegally by not holding an in-person hearing to address his resentencing request. Although he did not formally request an in-person hearing, Bishop maintains that, because he did not *waive* his right to a hearing for the resentencing, the court acted illegally by not providing him his day in court. Generally, a defendant has a right to personally address the court and make a

statement in mitigation of punishment. *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). And while this requirement is not mandatory for all sentencing proceedings, it is if the modification of the sentence makes the terms more onerous. *State v. Cooley*, 691 N.W.2d 737, 740-41 (Iowa Ct. App. 2004) (mandating personal presence at a hearing for "correction of sentence" if the proceeding is aided by the defendant's presence and if the new sentence will be more onerous); *see also State v. Johnson*, 222 N.W.2d 453, 458 (Iowa 1974) (requiring the defendant's presence at proceedings imposing a new and different sentence). Because Bishop's reconsidered sentence is more onerous than the original sentence, even though he stipulated to part of that change, we find he should have been personally present to address that reconsideration.

Finally, the State argues, even if a hearing was initially required, Bishop's written stipulation requesting resentencing stated that "[a]ll other aspects of the dispositional orders in these matters are to remain in full effect." The State asserts this language pulls in the orders accepting Bishop's plea agreement, in which Bishop affirmatively waived his right to be present at his sentencing, so an in-person hearing was not necessary in this case. But because his resentencing request was not part of his original plea agreement and is a separate proceeding, we do not find that he waived his right to a hearing without affirmatively waiving that specific proceeding. Thus, we find Bishop was entitled to an in-person hearing. As such, we sustain the writ and remand for resentencing proceedings.

**WRIT SUSTAINED AND REMANDED WITH DIRECTIONS TO CONDUCT A RESENTENCING HEARING.**