# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0534
Filed January 7, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Taylor Christopher Smith,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Woodbury County,
The Honorable Steven J. Andreasen, Judge.

————————————

## SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS

————————————

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

————————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Following a limited resentencing, the district court extended a five-year no-contact order between Taylor Smith and the fourteen-year-old girl he sexually abused, to run from the new sentencing order's date. Smith argues that extending the no-contact order exceeded the remand. The State contests error preservation, urging Smith not only acquiesced to a plenary resentencing but invited it by asking for probation. Although we empathize with the State's argument, we find the sentencing court exceeding the remand requires us to vacate the no-contact portion of the resentencing order and remand with directions to enter a corrected no-contact order that runs from the original judgment date.

On direct appeal, the supreme court "vacate[d] the fine portion of Smith's sentence" and left the rest of the sentence intact. *State v. Smith*, 17 N.W.3d 355, 361 (Iowa 2025); *see also id.* at 364 ("[W]e vacate only that portion of the sentence dealing with the fine and remand for resentencing."). But on remand, rather than solely addressing the fine, Smith's attorney asked the court to place him on probation. The prosecutor asked the court to "resentence the defendant in regards to the fine, the reason why we are here, and the rest of the sentence remain as previously imposed." Yet the court's oral remarks, which began "consistent with . . . the prior judgment and sentence entered," also indicated "[t]he term of incarceration is not suspended," and reimposed the applicable surcharges. And the court explained: "The no-contact order will remain extended for that period of five years." In some of its final remarks, the court indicated both that "the remand . . . was limited to that fine issue" and the court felt "it would have the authority to suspend sentence as requested but has already sentenced and would stand by its imposition of the sentence in this matter." The court's

2

written judgment "otherwise extended" the no-contact order to "five years from the date of this" new judgment.

To state the obvious, there was confusion about what exactly the court was supposed to do on remand. We take the supreme court at its word and understand that it intended only resentencing on the fine. *See id.* at 361, 364. And we reject the State's claim on appeal that there was anything ambiguous about the supreme court's remand. But we take seriously the State's concern that Smith, through counsel below, invited the error he now complains of by demanding a plenary resentencing through his request to be placed on probation. *See, e.g.*, *State v. Sage*, 162 N.W.2d 502, 504–05 (Iowa 1968) (recognizing a criminal defendant may not take a position on appeal inconsistent with the position he took at trial, nor may he complain of error to which he consented or invited).

On the other side of the ledger, as Smith urges, "[i]t is a fundamental rule of law that a trial court is required to honor and respect the rulings and mandates by appellate courts in a case." *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 331 (Iowa 2008). "It is well settled in Iowa that when the Supreme Court remands for a special purpose, the district court, upon the remand, is limited to do the special thing authorized by this court in its opinion, and nothing else." *Kuhlmann v. Persinger*, 154 N.W.2d 860, 864 (Iowa 1967). "If the district court proceeds contrary to the mandate, its decision must be treated as null and void." *In re Marriage of Davis*, 608 N.W.2d 766, 769 (Iowa 2000).

As we see it, the State's error-preservation or invited-error argument runs smack into the scope-of-remand cases. And there are plausible arguments on both sides. We elect to apply the scope-of-remand case law, in part because to hold otherwise would potentially allow parties to conspire to

exceed the scope of a remand, contrary to the wishes and authority of an appellate court. We conclude all action other than resentencing Smith on the fine exceeded the remand and is void. *See id.* at 769.

We have reached similar conclusions in our unpublished decisions. *See State v. Scarlett*, No. 16–1033, 2017 WL 2181535, at *3 (Iowa Ct. App. May 17, 2017) (distinguishing between a remand for a new judgment and remand for resentencing, as relates to a no-contact order); *State v. Palmer*, No. 15–1582, 2016 WL 3276662, at *2–3 (Iowa Ct. App. June 15,2016) (holding a no-contact order runs from "the date of the original judgment" and remanding for a corrected order). Consistent with those cases, we vacate the portion of the resentencing order extending the no-contact period and remand with directions for the court to enter a corrected no-contact order, the duration of which runs from the original judgment.[1] The district court shall not modify any other aspect of the sentence originally imposed or the fine as imposed and suspended on first remand. And because the court is merely correcting the judgment and not increasing Smith's punishment, Smith's personal presence is not required to enter the corrected order on remand from this appeal. *See State v. Cooley*, 691 N.W.2d 737, 741 (Iowa Ct. App. 2004); *see also State v. Johnson*, 222 N.W.2d 453, 458 (Iowa 1974).

Last, we note our opinion is not intended to communicate any view on whether the county attorney or the victim may seek an extension of the no-contact order in the future. *See* Iowa Code § 664A.5 (2025).

**SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**

---

[1] Smith suggests the district court could enter a nunc pro tunc order to address this issue. We think this is too messy for a nunc pro tunc; a corrected order is preferable.