STATE of Iowa, Appellee,

v.

Robert Darnell WISE, Appellant.

No. 89-875.

Supreme Court of Iowa.

July 17, 1991.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., and William E. Davis, County Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. Appellate Defender, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

Two persons, one brandishing a starter pistol, robbed a pizza delivery carrier. The victim later identified the robbers as Jacques Robinson and the defendant, Robert Wise.

Shortly after the robbery police officers received a report that two running men had entered a certain duplex. The officers entered one apartment of the duplex with the permission of the tenant. From the first apartment, the officers proceeded into the second apartment. In the second apartment the officers found several persons, including both Robinson and Wise, as well as Jodi Suiter, the tenant of the apartment. The officers searched the apartment and found various items possibly related to the robbery.

Wise was charged with robbery. At his jury trial Jodi Suiter testified for the defense. Her testimony concerned primarily the search of her apartment.

During Jodi Suiter's testimony juror Jerry Arguello realized, from Suiter's name and from references in her testimony to her personal situation, that she had formerly been married to Arguello's nephew. Arguello reported this fact to a court attendant and was subsequently asked to speak with the judge and both attorneys outside the presence of the jury. Wise was not personally present for this conversation,

and his attorney purported to waive his presence. Juror Arguello reported that he had no personal acquaintance with Jodi Suiter, that he did not recall he had ever even spoken to her, and that he did not believe his objectivity as a juror would be impaired in any way by her former marriage to his nephew. The prosecutor and Wise's attorney both indicated they had no objection to Arguello's continued service on the jury. At that point the conversation ended and trial resumed.

The jury subsequently found Wise guilty of robbery in the second degree. Wise appealed from the resulting conviction.

The court of appeals, by a vote of four to two, reversed Wise's conviction. The court of appeals majority held the district court had erred by permitting the Arguello conversation described above to take place in Wise's absence. The court of appeals majority held that Wise had been denied his constitutional and statutory right to be personally present at all stages of the trial.

We have now granted the State's application for further review which challenges the reversal of Wise's conviction.

■ I. A criminal defendant has a constitutional and statutory right to be personally present at every stage of trial. *State v. Blackwell,* 238 N.W.2d 131, 134–36 (Iowa 1976). This right to be personally present extends to conversations between the judge, the attorneys, and the jurors concerning the jurors' ability to be impartial. *Id.* Prejudice is presumed if a defendant is absent from such a conversation. However, this presumption of prejudice can be rebutted and will not always necessitate a reversal. *Blackwell,* 238 N.W.2d at 136–37.

■ In the present case the matter discussed with juror Arguello bore in only a tenuous way on Arguello's impartiality. Therefore we believe that the presumption of prejudice has been rebutted, as permitted by *Blackwell.* Assuming without deciding that Wise's absence from the conversation with juror Arguello was error, any such error was harmless.

■ However, we offer our district courts the following admonition. Barring exceptional circumstances, a criminal defendant should be personally present at every stage of trial, including any conversation held by the judge and the attorneys with one or more of the jurors. This practice should be followed even if the conversation seems insignificant, and even if counsel has purported to waive the defendant's personal presence. If district courts will scrupulously adhere to this practice, issues like the present one will not arise.

II. The court of appeals rejected the other issues raised in Wise's appeal. We believe the court of appeals was correct in so doing.

We vacate the court of appeals decision insofar as it reverses Wise's conviction on the ground discussed in division I. We affirm Wise's conviction.

COURT OF APPEALS DECISION VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.