STATE of Iowa, Appellee,

v.

Steven Melvin COOLEY, Appellant.

No. 03–2084.

Court of Appeals of Iowa.

Sept. 9, 2004.

Philip Mears, Iowa City, for appellant.

Steven Cooley, Fort Madison, appellant pro se.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Charles A. Stream, County Attorney, for appellee.

Considered by SACKETT, C.J., and VOGEL and ZIMMER, JJ.

VOGEL, J.

Steven Melvin Cooley appeals the district court order correcting the judgment and sentence against him for the crime of forgery. Finding a defect in sentencing procedure, we vacate the sentence of the district court order and remand with instructions.

## I. Background Facts and Proceedings

On March 15, 2002, the Mahaska County Attorney filed a trial information charging Cooley with a single count of forgery. It was further alleged that Cooley was a habitual offender under Iowa Code section 902.8 (2001). On May 30, 2002, a jury found Cooley guilty of forgery, a class "D" felony. In a July 26, 2002 judgment entry the district court concluded that Cooley was "convicted of the crime of Forgery, a class "D" felony, in violation of Iowa Code section 715A.2 and as a Habitual Offender pursuant to Iowa Code section 902.8." The district court then sentenced Cooley to a term of incarceration not to exceed fifteen years. This sentence was to be served consecutively with sentences Cooley was then serving. Cooley appealed this conviction and sentence on August 1, 2002.

In that appeal Cooley asserted that the district court, in judging him a habitual offender, improperly considered a 1978 conviction where he had represented himself and pled guilty without a knowing and voluntary waiver of his right to counsel. Cooley then argued that consideration of this 1978 conviction resulted in the improper enhancement of his 2002 sentence. In a September 24, 2003 opinion, State v. Cooley, No. 02–1201, 2003 WL 22187576 (Iowa Ct.App. Sept. 24, 2003) (Cooley I), this Court affirmed Cooley's conviction but reversed the district court's judgment and remanded for entry of judgment without consideration of Cooley's 1978 conviction. The basis for this reversal and remand was the Iowa Supreme Court's decision in State v. Tovar, 656 N.W.2d 112, 121 (Iowa 2003), which has subsequently been reversed by the United States Supreme Court in Iowa v. Tovar, 541 U.S. 77, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004).

On December 11, 2003, the Iowa District Court of Mahaska County entered an order correcting its July 26, 2002, judgment entry by amending the order as follows:

The defendant is convicted of the crime of Forgery, a class "D" felony, in violation of Iowa Code Section 715A.2

The defendant is committed to the custody of the Director, Iowa Department of Corrections for a prison term not exceeding five years, and the defendant has not earned credit for days already spent in custody on this charge.

The corrections effected above are deemed effective as of the date of the original Judgment Entry.

All other provisions of the original Judgment Entry which are not changed by this order and which are not inconsistent with this order, remain in effect.

Thus, the district court on remand entered judgment finding Cooley guilty of the offense of forgery, but not as a habitual offender and correspondingly sentenced him solely on the class "D" felony. How-

ever, because all other provisions of the original July 26, 2003 judgment entry remained in effect, Cooley's new sentence continued to run consecutively with other sentences. No hearing was held and Cooley was not otherwise afforded the opportunity to personally address the district court prior to the entry of this December 11, 2003 sentence. Cooley appeals.

## II. Scope of Review

■ We review sentencing challenges for errors at law. Iowa R.App. P. 6.4; *State v. Liddell,* 672 N.W.2d 805, 815 (2003). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *Liddell,* 672 N.W.2d at 815.

### A. Allocution

■ Cooley contends that because he was not present when he was sentenced on the class "D" felony, the district court's December 11, 2003 order should be vacated and the matter returned to the district court for a sentencing hearing. The State counters by arguing that Cooley's presence was not required at the time of the district court's December 11, 2003 sentencing order because the district court did not resentence Cooley, but instead only entered an order correcting the original judgment and sentence.

Prior to the rendition of judgment, Iowa Rule of Criminal Procedure 2.23(3)(*d*) directs that "counsel for the defendant, and

the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." *State v. Lumadue,* 622 N.W.2d 302, 304 (Iowa 2001). In keeping with the United States Supreme Court's interpretation of a similar federal rule, our Iowa Supreme Court requires a record establishing that the court has invited or afforded an opportunity for the defendant to speak regarding punishment. *See State v. Craig,* 562 N.W.2d 633, 637 (Iowa 1997) (citing *Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670, 673 (1961)) (citations omitted).

However, this requirement is not universally applied to all sentencing proceedings. As previously noted, Iowa Rule of Criminal Procedure 2.23(3)(*d*) mandates a defendant's personal presence at sentencing so that the defendant has an opportunity to address the court in mitigation of punishment. *See Lumadue,* 622 N.W.2d at 304. Significantly, Iowa Rule of Criminal Procedure 2.27, which also provides that a defendant shall be present at imposition of sentence, further provides an exception to this requirement, stating that, "[a] defendant's presence is not required at a reduction of sentence under rule 2.24[1]."

■ The Iowa Supreme Court expanded this exception in *State v. Austin,* by determining that a defendant's presence is not required under Iowa Rule of Criminal Procedure 2.27 for a "correction of sentence" where the dispositions will not be significantly aided[2] by the defendant's presence.

---

1. Iowa Rule of Criminal Procedure 2.24(5) allows a district court to "correct an illegal sentence at any time", and further directs that the defendant shall receive full credit for time spent in custody prior to "correction or reduction."

2. The Iowa Supreme Court has held that whether issues of fact are presented at a particular proceeding is a determinative factor in assessing whether a post trial disposition would be "significantly aided" by a defendant's presence. *See State v. Foster,* 318 N.W.2d 176, 179 (Iowa 1982).

*See State v. Austin,* 585 N.W.2d 241, 245 (Iowa 1998); *accord State v. Foster,* 318 N.W.2d 176, 179 (Iowa 1982). However, our Iowa Supreme Court has also held that a defendant must be present at proceedings "correcting" a void sentence when imposing a new and different sentence. *See State v. Johnson,* 222 N.W.2d 453, 458 (Iowa 1974) (holding that where an original felony related judgment is void a defendant must be present upon imposition of new and different sentence). Therefore, we recognize that under the Iowa Rules of Criminal Procedure, a distinction exists between proceedings in the district court that modify an existing sentence and those that impose a new sentence after the original has been vacated or otherwise set aside. A defendant's presence is not required in the former instance, but is in the latter. *See United States v. Moree,* 928 F.2d 654, 655–56 (5th Cir.1991).

Moreover, federal courts interpreting similar Federal Rules of Criminal Procedure have also recognized this distinction in determining that a defendant need not be present for a correction of a sentence so long as the entire sentencing package has not been set aside or vacated and the modification of sentence does not make the sentence more onerous.[3] *See United States v. Jackson,* 923 F.2d 1494, 1497 (11th Cir.1991) (holding that "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long

as the modification does not make the sentence more onerous"); *Rust v. United States,* 725 F.2d 1153, 1154 (8th Cir.1984) (determining that the district court did not err by issuing a written order in absentia correcting an illegal sentence by vacating part of a sentence because the correction did not constitute a resentencing requiring the defendant's presence) *cf. United States v. Taylor,* 11 F.3d 149, 152 (11th Cir.1994) (resentencing following a complete vacation of original sentence "constituted imposition of sentence ... and not merely a sentence reduction under Rule 35 [counterpart to Iowa Rule of Criminal Procedure 2.24]").

■ We therefore hold that under the Iowa Rules of Criminal Procedure, a defendant's presence is not required where a district court is correcting an existing sentence, so long as the disposition would not be aided by the defendant's presence and the modification does not make the sentence more onerous. However, a defendant has the right to be present and address the court where the court is imposing a new sentence after nullification of the original sentence.

Upon reexamination of *Cooley I,* we note this court affirmed Cooley's conviction, but reversed the district court's judgment and remanded the case to the district court "for entry of judgment without consideration of Cooley's 1978 conviction." This direction, in effect, required that the district court set aside its judgment that Cooley was a habitual offender. Moreover,

**3.** The requirement that the correction of sentence not be more "onerous" is not found in Iowa case law, however, federal jurisdictions interpreting language identical to the pertinent language in Iowa Rule of Criminal Procedure 2.27(3)(*b*), e.g., "The defendant's presence is not required at a reduction of

sentence" have appropriately concluded that a defendant's presence is required if sentence is not reduced but instead increased on a motion attacking the sentence. *See Caille v. United States,* 487 F.2d 614, 616 (5th Cir. 1973) (citations omitted).

because the *Cooley I* opinion did not limit the remand to a simple reduction in the sentence, the remand order may be treated as calling for a reconsideration of all of the discretionary aspects of the judgment including the district court's decision to impose the maximum sentence and order that this sentence be served consecutive to his other sentences. *See State v. Jacobs,* 644 N.W.2d 695, 697 (Iowa 2001) (concluding that a remand order that did not limit the district court to curing the deficiency that resulted in the vacating of the original sentence may be treated as calling for reconsideration of all of the discretionary aspects for sentencing based on the offenses for which a defendant is convicted).

We recognize that, at the original sentencing, the trial court did carefully consider several factors in exercising its discretion and sentencing Cooley to the maximum sentence for a habitual offender, as illustrated by the district court's colloquy with Cooley:

> Mr. Cooley, in determining what sentencing was appropriate, I considered all of the information made available to me about you. Specifically, I looked at your age, I considered your prior criminal history, I noted that you had not performed successfully under supervision before, I noted your past employment experience, your family situation, the nature of this offense. And in particular, I looked at the needs that you demonstrate for a high-degree of structure and programming in a quest to become rehabilitated and also as a safety measure to protect the community from further offenses by you.

> There was nothing in the record before me to justify suspension of the prison sentence, and everything to justify the sentence that the Court imposed and specifically, the consecutive directive.

However, the record of the original sentencing also clearly establishes that the Court sentenced Cooley solely as a habitual offender, as demonstrated by the following sentencing recommendation of the State,

> It's the recommendation of the State that Mr. Cooley be sentenced to a term not to exceed fifteen years as an *habitual offender*

(emphasis added) and pronouncement of sentence by the district court,

> The Court has considered the sentencing options that are available. And specifically, the Court has looked at the provisions of the Iowa Code Sections 902.8[4], [902].9[5] and 901.5[6], and the Court's decision about the sentence that's appropriate is based upon the options that provide you, Mr. Cooley, with the best opportunity to be rehabilitated and will at the same time protect the community from further offenses by you and by others.

> It would therefore be the order of the Court the defendant is committed to the

4.   Iowa Code section 902.8 provides that "[a]n habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States." Iowa Code § 902.8 (2003).

5.   Iowa Code section 902.9 provides the maximum sentences for felons and specifically provides that "[a]n habitual offender shall be confined for no more than fifteen years." Iowa Code § 902.9(3) (2003).

6.   Iowa Code section 901.5 provides the general procedures for pronouncing judgment and sentence. *See* Iowa Code § 901.5.

custody of the Department of Iowa Corrections for a term not to exceed fifteen years.

Most notably absent from the record is any mention that the maximum sentence was appropriate for his forgery conviction, or that this sentence should be served consecutively with other sentences. Therefore, the district court did carefully consider multiple factors in exercising discretion at the original sentencing, but it did so solely within the context of sentencing Cooley as a habitual offender.

Once the district court was no longer able to consider Cooley's 1978 conviction, Cooley was no longer a habitual offender, so that the sole sentence entered by the district court at the original sentencing hearing, the habitual offender sentence, was no longer valid. Thus, the *Cooley I* reversal of the district court's judgment, and remand "for entry of judgment without consideration of Cooley's 1978 conviction," necessitated resentencing Cooley as having committed a class D felony. We therefore conclude Cooley was entitled to the opportunity to be present and address the Court in mitigation of punishment at his resentencing.

### B. Law of the Case

■■■ We next address the State's assertion that this case should be remanded to the district court for re-entry of the original habitual offender judgment with enhanced sentence because the *Cooley I* opinion relied on the subsequently reversed Iowa Supreme Court's decision of *State v. Tovar*, 656 N.W.2d 112, 121 (Iowa 2003). When a case is remanded so that a district court may proceed under a rule dictated on appeal, that rule becomes the law of the case. *See Hillrichs v. Avco Corp.*, 514 N.W.2d 94, 101 (Iowa 1994).

The law of the case binds the lower court on remand, even when decisions filed after the remand proceedings, but before a second appeal, abandon the rule. *Feller v. Scott County Civil Serv. Comm'n*, 482 N.W.2d 154, 160 (Iowa 1992). Thus, the timing of the proceedings on remand in relation to the intervening change in the law controls whether the law of the case is binding on the second appeal. *Hillrichs*, 514 N.W.2d at 101. For instance, if the United States Supreme Court decision in *Iowa v. Tovar* had occurred prior to the district court's December 11, 2003 order, the United States Supreme Court decision would have established the controlling rule of law for the district court's December 11, 2003 order and on the current appeal. *See id.*

However, the United States Supreme Court decided *Iowa v. Tovar* on March 8, 2004, approximately three months after the district court order on remand. *See Iowa v. Tovar*, 541 U.S. 77, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). Thus, this Court's determination in its September 24, 2003 opinion, that the Iowa Supreme Court's decision in *State v. Tovar* "is legally controlling," is the law of the case. Consequently, we find no merit in the State's contention that this case should be remanded for entry of the original judgment as a habitual offender. Moreover, this Court notes that the State failed to provide any authority for its proposition that the rule announced by the United States Supreme Court after *Cooley I*, and after the district court's December 11, 2003 order, should be applied by this Court on appeal. *See* Iowa R.App. P. 6.14(c) (providing that failure in a brief "to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue").

### III. Conclusion

We conclude the district court should have afforded Cooley an opportunity to

address the court in mitigation of punishment on his resentencing. We vacate the sentence imposed by the district court and remand for a new sentencing hearing and entry of judgment applying the law of the case as dictated by *Cooley I.* We do not retain jurisdiction.

**VACATED AND REMANDED.**