# IN THE COURT OF APPEALS OF IOWA

No. 12-2273
Filed June 11, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DUANE LUVERNE YATES,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

Duane Yates appeals an order denying his request to be present at a resentencing hearing and certain nunc pro tunc orders. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Patrick Jennings, County Attorney, and Terry C. Ganzel, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

Duane Yates appeals an order denying his request to be present at a resentencing hearing. He also challenges certain nunc pro tunc orders and asserts his trial was infected with several errors.

## I.    *Background Proceedings*

In 2002, a jury found Yates guilty of second-degree sexual abuse, and the district court sentenced him to a prison term not exceeding fifty years under Iowa Code sections 902.9(2) and 901A.2(3) (1999). Section 901A.2(3), a sentencing enhancement provision, states, "[A] person convicted of a sexually predatory offense which is a felony, who has a prior conviction for a sexually predatory offense, shall be sentenced to and shall serve twice the maximum period of incarceration for the offense, or twenty-five years, whichever is greater . . . ."

In the ensuing years, Yates raised several challenges to various aspects of his judgment and sentence. *See Yates v. State*, No. 08-1879, 2009 WL 3064427, at *2 (Iowa Ct. App. Sept. 17, 2009) (affirming the district court's refusal to reinstate the application for postconviction relief dismissed under Iowa Rule of Civil Procedure 1.944); *State v. Yates*, No. 03-1268, 2005 WL 425458, at *1 (Iowa Ct. App. Feb. 24, 2005) (affirming the district court's refusal to grant a restitution hearing); *State v. Yates*, No. 02-1681, 2003 WL 22697964, at *4 (Iowa Ct. App. Nov. 17, 2003) (affirming judgment and sentence on direct appeal). Those challenges were unsuccessful.

Eventually, Yates filed a postconviction-relief application, challenging the section 901A.2(3) sentencing enhancement. The district court granted his application after concluding section 901A.2(3) should not have been applied to

him. *See generally State v. Tornquist*, 600 N.W.2d 301, 308 (Iowa 1999) (concluding the enhancement provisions of Iowa Code chapter 901A did not allow the use of a pre-July 1996 conviction to enhance a subsequent conviction for a sexually predatory offense), *partial analysis disapproved of in State v. DeCamp*, 622 N.W.2d 290, 293-94 (Iowa 2001) (disavowing *Tornquist* to the extent it used a prospective application analysis on the ground that "the issue of enhanced sentencing based on prior convictions is outside the scope of the principles which apply to the prospective or retrospective application of a statute").

In light of the court's ruling, Yates moved to schedule a resentencing hearing. His motion included a request to be "present in the courtroom" at resentencing. On November 27, 2012, the district court entered an order removing the section 901A.2(3) enhancement from Yates's sentence and stating, "In all other respects, the October 9, 2002 judgment is incorporated herein by reference without further change." The court further noted, "[R]emoval of the enhancement is a reduction of the sentence under [Iowa Rule of Criminal Procedure] 2.24 and constitutes a correction of the sentence which would not be significantly aided by defendant's presence." This appeal followed.

## II.     *Denial of Presence at Resentencing Hearing*

In felony cases, the defendant "shall be personally present at every stage of the trial including . . . the imposition of sentence." Iowa R. Crim. P. 2.27(1).

However, "[t]he defendant's presence is not required at a reduction of sentence under rule 2.24."[1] Iowa R. Crim. P. 2.27(3)(b).

This court addressed the issue of a defendant's presence at sentencing in *State v. Cooley*, 691 N.W.2d 737, 740 (Iowa 2004). The court held that "a defendant's presence is not required where a district court is correcting an existing sentence, so long as the disposition would not be aided by the defendant's presence and the modification does not make the sentence more onerous." *Cooley*, 691 N.W.2d at 741.

Here, the district court simply removed the section 901A.2(3) sentencing enhancement, as directed by the postconviction court. The removal of the twenty-five year enhancement amounted to a reduction in Yates's sentence. The reduction inured to Yates's benefit. The resulting prison term of no more than twenty-five years was prescribed by statute for class "B" felonies. *See* Iowa Code §§ 709.3(2) (stating second-degree sexual abuse is a class "B" felony); 902.9(1)(b) (prescribing a prison term of no more than twenty-five years for class "B" felonies). Yates's presence was not required to enlighten the court on this reduction.

Yates maintains, however, that he could have enlightened the court on whether a seventy-percent minimum sentence should have applied and whether he was subject to DNA testing. Howerver, the seventy percent minimum sentence is mandatory and, by its terms, applies to persons serving a sentence for convictions prior to July 1, 2003. *See* Iowa Code § 902.12(3). Likewise, the DNA testing requirement is mandatory. *See* Iowa Code § 81.2 ("A person . . .

---

[1] Rule 2.24(5) authorizes correction of an illegal sentence at any time.

against whom a judgment or conviction for a felony has been entered shall be required to submit a DNA sample for DNA profiling . . . .").[2] Because the district court lacked discretion to do anything but impose these requirements, Yates's assistance was not required. Accordingly, we affirm the district court's November 27, 2012 order denying Yates's request to be present at resentencing. *See State v. Austin*, 585 N.W.2d 241, 245 (Iowa 1998) ("[W]e vacate the sentence and remand for imposition of a new sentence to omit the reference to the restrictions regarding Austin's eligibility for parole or work release. The State need not produce Austin to be personally present at the correction of the sentence.").

### III.    Nunc Pro Tunc Orders

After Yates appealed the order resentencing him, the district court entered two nunc pro tunc orders[3] amending Yates's sentence to include an additional term of parole or work release not to exceed two years. *See* Iowa Code § 901A.2(8). Yates contends the district court lacked jurisdiction to enter the nunc pro tunc orders and, in the alternative, the orders are void.

The State agrees that nunc pro tunc orders are appropriate only to correct clerical mistakes. *See Graber v. Iowa Dist. Ct.*, 410 N.W.2d 224, 228 (Iowa

---

[2] This provision superseded section 13.10, which also required submission of a DNA sample by persons convicted of second-degree sexual abuse. *See also Schreiber v. State*, 666 N.W.2d 127, 130 (Iowa 2003) (concluding provision did not amount to ex post facto punishment); *Hartsfield v. Iowa Dist. Ct.*, No. 08-0562, 2009 WL 1708825, at *2 (Iowa Ct. App. June 17, 2009) ("[T]he legislature meant chapter 81 to be retroactive. Furthermore, chapter 81's predecessor, Iowa Code section 13.10 (2005), had been applied to all convicted felons in certain categories whether the conviction occurred before the statute's effective date or not. It is highly doubtful that the legislature intended to reduce the scope and coverage of DNA profiling when it replaced section 13.10 with chapter 81 (2007)." (citation omitted)).

[3] "Nunc pro tunc" means "now for then" and a nunc pro tunc order makes the record show now what was actually done then. *Robco Transp., Inc. v. Ritter*, 356 N.W.2d 497, 500 (Iowa 1984).

1987).  A court cannot use them "to remedy an error in judicial thinking, a judicial conclusion, or a mistake of law."  *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007) ("[T]he purpose of a nunc pro tunc entry is to supply or correct a record to make it conform to that which was actually done at an earlier date, and that as between the parties it operates to validate or correct the original judgment.").  Because the nunc pro tunc orders in this case did more than correct clerical errors, they must be set aside.  Additionally, because the two-year term of parole made Yates's sentence more onerous, his presence was required.  *See Cooley*, 691 N.W.2d at 740.

## IV.    *Trial Issues*

In 2013, more than a decade after the district court originally imposed judgment and sentence, Yates filed pro se motions in arrest of judgment and for new trial.  The district court ruled that the two motions were untimely under Iowa Rule of Criminal Procedure 2.24 because they were not filed "within 45 days after the verdict."  Yates appealed this ruling, and the appeal was consolidated with his appeal of the resentencing order.

Yates has not challenged the court's ruling that the motions were untimely, nor could he.  They clearly were, and we affirm the district court's denial of the motions on that ground.  To the extent Yates attempts to raise a host of trial issues in the guise of correcting an illegal sentence, we find that vehicle inappropriate.  *See State v. Chadwick*, 586 N.W.2d 391, 393 (Iowa Ct. App. 1998) (stating a claim that a sentence is illegal pursuant to now-numbered rule 2.24(5) does not "encompass redress for underlying procedural defects").

*V.* ***Disposition***

We affirm the November 27, 2012 order correcting Yates's sentence. We vacate the nunc pro tunc orders and remand for a hearing on the addition of the applicable section 901A.2(8) provision to Yates's sentence, with directions to grant Yates's request to be present at that hearing.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**