# IN THE COURT OF APPEALS OF IOWA

No. 14-1774
Filed August 19, 2015

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**DUANE LUVERNE YATES,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.


       The defendant challenges two rulings denying him a hearing on issues related to his sentence.  **AFFIRMED.**


       Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

       Duane Luverne Yates, Ft. Madison, appellant pro se.

       Thomas J. Miller, Attorney General, Kevin Cmelik and Linda J. Hines, Assistant Attorneys General, Patrick Jennings, County Attorney, and Terry Ganzel, Assistant County Attorney, for appellee.


       Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Almost thirteen years ago, the defendant Duane Yates was convicted of sexual abuse in the second degree and sentenced to a term of incarceration not to exceed fifty years. Since the time of his conviction, the defendant has raised numerous challenges to his conviction and sentence. *See State v. Yates*, No. 12-2273, 2014 WL 2600212, at *1 (Iowa Ct. App. June 11, 2014) (citing three appellate court decisions involving the defendant). In his last challenge to his sentence, the defendant obtained some relief. In that case, our court vacated a nunc pro tunc sentencing order and remanded the case "for a hearing on the addition of the applicable section 901A.2(8) provision to Yates's sentence, with directions to grant Yates's request to be present at that hearing." *Id.* at 3. On remand, the district court determined it would not apply the provision, which authorized an additional term of parole, and declined to hold a hearing on the matter. The district court also denied Yates's request for a restitution hearing that was scheduled to be heard on the date of the cancelled sentencing hearing. This appeal followed.

Yates contends the district court was required to hold the sentencing hearing ordered on remand and he was entitled to be present at the sentencing hearing. The argument is unavailing. The district court determined it would not impose the additional term of parole, and the decision inured to Yates's benefit. A hearing at which the defendant was present was not required under these circumstances. *See* Iowa R. Crim. P. 2.27(3)(b) (providing "[t]he defendant's presence is not required at a reduction of sentence under rule 2.24."); *State v.*

*Cooley*, 691 N.W.2d 737, 740 (Iowa 2004) (holding "a defendant's presence is not required where a district court is correcting an existing sentence, so long as the disposition would not be aided by the defendant's presence and the modification does not make the sentence more onerous"); *Yates*, 2014 WL 2600212, at *2 (resolving similar issue regarding removal of section 901A.2(3) sentencing enhancement).

Yates also argues the district court should have held a restitution hearing on Yates's challenge to the restitution order. We review the matter for the correction of errors at law. *See State v. Watts*, 587 N.W.2d 750, 751 (Iowa 1998). We look only to the face of the defendant's petition to determine whether a hearing was required. *See* Iowa Code § 910.7 (2013) (providing "the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted"). Yates's petition asserts a challenge to the amount of his court-appointed attorney's fees and asserts the amount of his restitution has increased without notice to him. The challenged restitution order was entered in 2003. Yates raised a similar challenge to fees more than a decade ago, and our court affirmed the denial of a restitution hearing in that instance. *See State v. Yates*, No. 03-1268, 2005 WL 425458, at *1 (Iowa Ct. App. Feb. 24, 2005). There is nothing on the face of the petition supporting Yates's assertion the amount of restitution ordered has been increased. The record reflects it has not. As in the prior case, we find no error in the district court's determination a hearing was unwarranted.

**AFFIRMED.**