**IN THE COURT OF APPEALS OF IOWA**

No. 15-1582
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK LEN PALMER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marion County, Steven W. Guiter, District Associate Judge.

        Mark Palmer appeals the district court's resentencing order.  **JUDGMENT AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED.**

        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Mark Len Palmer entered *Alford* pleas[1] to domestic abuse assault by impeding breathing as well as child endangerment. He also entered a guilty plea to operating a motor vehicle while intoxicated. The district court imposed sentence. On appeal, the Iowa Supreme Court vacated the sentence because the court failed to include reasons for imposing the sentences and remanded for resentencing.

On resentencing, the district court imposed concurrent prison terms not exceeding six years, suspended all but nine days of the sentence, and placed Palmer on probation for two years. The court also reimposed the previously-imposed five-year no contact order effective from the date of resentencing.

On appeal, Palmer contends (1) the district court's reasons for imposing the sentence were inadequate because the plea agreement on which the district court relied "was not made part of the record" and (2) the district court exceeded its authority in reimposing the no contact order for five years from the date of resentencing.

**I. Reasons for Sentence**

"Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence.'" *State v. Hill*, ___ N.W.2d ___, ___, 2016 WL 1612950, at *3 (Iowa 2016). The district court did so on resentencing, citing several factors including "the plea agreement reached by the parties." Palmer contends the sentence must be vacated

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding "an express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty").

because "[t]he terms of the plea agreement do not appear in the record." He claims his "case is almost identical to" *State v. Thacker*, 862 N.W.2d 402 (Iowa 2015).

In *Thacker*, the Iowa Supreme Court vacated a sentence that relied on a plea agreement which was not in the record. 862 N.W.2d at 411. The court concluded the district court's statement of reasons did not comply with rule 2.23(3)(d) because, "[l]ooking *on the record*, [it] d[id] not know whether the district court exercised its discretion, simply accepted the parties agreement, or did a little of both." *Id.* at 410.

*Thacker* bears some similarities to Palmer's case. In both cases, the defendants executed a "petition to plead guilty" that did not include the terms of the plea agreement. But unlike Palmer, Thacker waived her right to have the proceedings reported, and the district court used a form sentencing order that contained boilerplate language. *Id.* at 404; *see also State v. Thompson*, 856 N.W.2d 915, 920-21 (Iowa 2014) (holding "if the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion").

Here, we know what the court did and its basis for doing it. At Palmer's reported resentencing hearing the prosecutor effectively disclosed the pertinent terms of the plea agreement. The prosecutor began by noting Palmer's equivocation about following through with the earlier plea agreement. While she did not enumerate the terms of that agreement, they became apparent in the course of her discussion with the court.

The prosecutor stated:

> [T]he State does have the authority to request a different sentence, and . . . the State would be requesting that Mr. Palmer go to prison for a term of six years running each of the counts consecutive to each other based upon the Defendant's unwillingness to abide by the plea agreement.

Later, the prosecutor identified the sentencing concessions as follows:

> The State does believe that a two-year probationary term is correct in this matter, . . . all of the case numbers are running concurrent to each other for a two-year probationary time. The original probationary time was set at three years and so the State does believe that two years is appropriate although the sentences would be running consecutive if the Defendant were to be found guilty of a probation violation at a prior time, but the probationary term is running concurrent to each other.
> . . . [I]f the Defendant is agreeing with the plea agreement that was stated in the written judgment entry that was prepared today, the State would not be requesting a different sentence. It will go along with the plea agreement that was previously stated. The State was only going to make a different recommendation if the Defendant decided to ask for something outside of what the previous plea agreement was.

The prosecutor's statements capture the key terms of the plea agreement, notwithstanding the absence of the proposed order in the record.

Following this discussion, the district court set forth reasons for the sentence. After noting a plea agreement was "worked out" that morning, the court stated it relied on "the statements made by Mr. Palmer," "the Defendant's criminal record, the fact that he's previously been on probation and parole, sometimes successful, sometimes not," "the Defendant's age, the fact that he has two children, [and] his educational background."

The court continued:

> I'm giving a lot of weight to the fact that Mr. Palmer does have two children that he takes care of that he's involved with, that he has been successful at times on probation, and I'm also giving a lot of weight to the fact that Mr. Palmer told me he could comply with probation terms at this time and be successful.

The court concluded it would "go along with the agreement discussed by the parties th[at] morning." These statements amplified the written resentencing order and more than sufficed to allow a review of the district court's exercise of its sentencing discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure."). Based on the record, we discern no abuse of discretion in the court's statement of reasons.

## II. Reimposition of No Contact Order

In its original judgment entry dated April 11, 2014, the district court imposed a no-contact order until April 11, 2019. In its resentencing order entered on September 8, 2015, the court reimposed the five-year no contact order, effective until September 8, 2020. Palmer contends the district court lacked statutory authority to extend the no contact order beyond five years from the original judgment entry. He relies on Iowa Code section 664A.5 (2013), which states in pertinent part, "The court may enter a no-contact order or continue the no-contact order already in effect for a period of five years from the date the judgment is entered." In his view, "April 11, 2014 is the date of the original judgment and must be the date used to calculate the length of the no-contact order."

The State responds that "[t]here is no authority directly on point indicating that issuing a no-contact order for five years is not authorized upon resentencing whereby a new judgment is entered." The State's argument assumes the resentencing order imposed a new judgment. In fact, the Iowa Supreme Court's

remand order did not affect the original judgment; only "the defendant's sentences [we]re vacated" and the matter was remanded only for "resentencing." The original judgment remained in effect. *Cf. State v. Cooley*, 691 N.W.2d 737, 741-42 (Iowa Ct. App. 2004) (noting court's remand direction in effect "required that the district court set aside its judgment that [defendant] was a habitual offender" and "did not limit the remand to a simple reduction in the sentence"). *See State v. Sanchez*, No. 13-1989, 2015 WL 4935530, at *6 (Iowa Ct. App. Aug. 19, 2015) (reversing sentencing order that "prevent[ed] [defendant] from contacting any of the robbery victims 'for five years after the defendant's release from prison'" because it "clearly impose[d] a sentence outside of statutory limits and is therefore void"). Accordingly, section 665A.5 required the time to begin running as of the date of the original judgment and the no contact order was effective until April 11, 2019, and no longer.

We affirm all aspects of Palmer's sentence except the reimposition of the no contact order. We vacate the portion of the resentencing order reimposing the no contact order beyond April 11, 2019. We remand for entry of an order reimposing the no contact order until April 11, 2019.

**JUDGMENT AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED.**