# IN THE COURT OF APPEALS OF IOWA

No. 16-1033
Filed May 17, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STEVEN F. SCARLETT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt,

District Associate Judge.

Defendant appeals his conviction for assault causing bodily injury.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Steven Scarlett appeals his conviction for assault causing bodily injury. We find there was no error in the court's summary disposition of Scarlett's motion for new trial and the court did not abuse its discretion in denying the motion. The court improperly entered a no-contact order prohibiting Scarlett from having contact with the victim for five years from the date of resentencing. We find the court did not abuse its discretion in sentencing Scarlett. We affirm his conviction and sentence.

## I.      Background Facts & Proceedings

A jury found Scarlett guilty of assault causing bodily injury after he pulled the hair of his former girlfriend, M.H., slapped her, made her walk around on her hands and knees in a parking lot, and kicked her in the ribs. Scarlett filed a motion for new trial, which was denied by the district court. He was sentenced to a term not to exceed one year, with all but forty-five days suspended, placed on probation for one year, and ordered not to have contact with M.H. for five years. The sentence was made consecutive to a conviction for operating while intoxicated (OWI) in another case.

Scarlett appealed his conviction for assault causing bodily injury. On appeal, we found the district court (1) did not abuse its discretion in concluding a master/slave contract was admissible; (2) did not err in denying Scarlett's motion for judgment of acquittal on the ground the State did not present sufficient evidence to show M.H. suffered a bodily injury; (3) used an improper standard in denying Scarlett's motion for new trial; and (4) did not provide reasons for making the sentence in this case consecutive to the OWI sentence. *State v. Scarlett*, No.

14-1704, 2016 WL 1130039, at *3-6 (Iowa Ct. App. Mar. 23, 2016). We remanded to the district court to apply the correct standard in addressing Scarlett's motion for new trial and stated if the court again denied the motion for new trial, then Scarlett should be resentenced. *Id.* at * 5-6.

The court stated on the record at the hearing on remand:

> Well, after hearing the evidence in this particular case, the Court does find that the jury verdict was supported by the evidence presented in this trial as to each and every element of the offense the defendant was convicted of.
> Further, the weight of the evidence established the defendant's guilt beyond a reasonable doubt to each of those matters. There was – clearly, the verdict rendered by the jury was not contrary to the law or evidence that was presented at the time of trial, so the motion for new trial is denied.

On resentencing, M.H. asked to have Scarlett sent to jail. Defense counsel stated Scarlett had not been in trouble since the original sentencing and had not had any contact with M.H. The court noted defense counsel's statements but found, "I don't know that it has truly changed anything." The court sentenced Scarlett to one year in jail, with all but forty-five days suspended, placed him on probation for one year, and ordered him to complete a batterer's education program. The court ordered Scarlett not to have any contact with M.H. for a period of five years. Scarlett now appeals the district court's actions on remand.

## II. Motion for New Trial

**A.** Scarlett claims the district court should not have summarily denied his motion for new trial. He states the court should be required to make specific findings of fact and conclusions of law to support its decision. He states, because the court did not make specific findings and conclusions, we are unable

to determine whether the court abused its discretion in denying the motion for new trial. Scarlett asks us to reverse his conviction and remand for reconsideration of his motion for new trial.

In general, "[w]hen making a ruling on a motion for new trial, the trial court should state the reasons for its ruling." *State v. Maxwell*, 743 N.W.2d 185, 192 (Iowa 2008). When a court denies a motion for new trial without stating the reasons for its denial, we may affirm "where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding." *Id.* at 192-93. In considering a similar situation to the one presented in this case, our supreme court stated, "In denying Maxwell's motion, the district court must have found the jury's guilty verdict was not contrary to the weight of the evidence." *Id.* at 193.

Scarlett recognizes his claim is contrary to the holding in *Maxwell* and asks that *Maxwell* be overturned. We are not at liberty, however, to overrule controlling supreme court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa 2014). While it would have been the better practice for the court to state the reasons for its ruling, there was no error in the court's summary disposition of the motion for new trial. *See Maxwell*, 743 N.W.2d at 193.

**B.** Scarlett claims the district court should have granted his motion for new trial because his conviction was contrary to the weight of the evidence. In particular, he claims the weight of the evidence does not show M.H. suffered a bodily injury. He points out there was no evidence, other than M.H.'s testimony, to show she was injured by him.

"Trial courts have wide discretion in deciding motions for new trial." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). A motion for new trial may be granted "[w]hen the verdict is contrary to the law or evidence." Iowa R. Crim. P. 2.24(2)(b)(6). Under this rule, a motion for new trial may be granted when the verdict is contrary to the weight of the evidence. *Ellis*, 578 N.W.2d at 659. "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of the discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003). On appeal, we do not judge the credibility of the witnesses nor reweigh the evidence. *Id.*

The court and jury must have found M.H. was a credible witness and her testimony supported a finding of bodily injury. The term "bodily injury" means "physical pain, illness, or any impairment of physical condition." *State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997). M.H. testified Scarlett slapped her in the face several times, causing pain and redness. She stated Scarlett pulled her hair so hard her ponytail holder broke, causing her pain. She stated she received scrapes on her hands and knees because Scarlett made her walk on her hands and knees in a parking lot. Additionally, she testified Scarlett kicked her in the ribs, which caused pain. M.H.'s testimony the assault by Scarlett caused her pain is sufficient to show a bodily injury. *See State v. Taylor*, 689 N.W.2d 116, 136 (Iowa 2004) ("We think the evidence is sufficient to support a finding that the defendant's assault caused physical pain so as to meet the definition of bodily injury."). We find the district court did not abuse its discretion in denying Scarlett's motion for new trial.

### III.    No-Contact Order

A jury found Scarlett guilty on September 11, 2014.  The original sentencing order was filed on October 7, 2014, and the first no-contact order was filed at the same time.  On appeal, we determined Scarlett should be resentenced if the court denied his motion for new trial on remand.  *Scarlett*, 2016 WL 1130039, at *6.  The court denied Scarlett's motion for new trial on remand, and he was resentenced on June 15, 2016.  The court issued a new no-contact order prohibiting Scarlett from having contact with M.H. for five years from the resentencing date.  Scarlett claims the no-contact order should only extend for five years from the original sentencing date, which would be until October 7, 2019.

Iowa Code section 664A.5 provides a court may issue a permanent no-contact order "for a period of five years from the date the judgment is entered." We did not remand the case for a new judgment, only for resentencing.  *See id.* The remand order did not affect the original judgment.  *Cf. State v. Cooley*, 691 N.W.2d 737, 741-42 (Iowa Ct. App. 2004) (requiring a judgment be set aside on remand and noting the remand was not limited to resentencing).  We conclude under section 664A.5, the no-contact order should remain in effect until October 7, 2019.[1]  We reverse the no-contact order filed on June 15, 2016, and remand for entry of an order reimposing the order prohibiting Scarlett from having contact with M.H. until October 7, 2019.

---

[1]   The case of *State v. Palmer*, No. 15-1588, 2016 WL 3276662, at *2-3 (Iowa Ct. App. June 15, 2016), contains a discussion of a similar factual issue involving the length of a no-contact order when a case is remanded for resentencing.

## IV.     Sentencing

Scarlett claims the district court abused its discretion in sentencing him. He states the court did not give sufficient weight to his postconviction rehabilitation efforts.  At the sentencing hearing held in June 2016, defense counsel pointed out Scarlett had not been in trouble since the original sentencing, held in October 2014, and had no contact with M.H. during that time. He states the court should have considered these circumstances in resentencing him.

We review sentencing decisions for an abuse of discretion or defect in the sentencing procedure.  *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).  "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable."  *Id.* (citation omitted).  We give sentencing decisions by a trial court a strong presumption in their favor.  *State v. Loyd,* 530 N.W.2d 708, 713 (Iowa 1995).

"[I]t is proper to consider at resentencing a change in circumstances that occurs between the time of the original sentence and the time of the resentencing."  *Hopkins*, 860 N.W.2d at 555.  A defendant's postconviction rehabilitation efforts are an appropriate factor for a court to consider in imposing sentence.  *Id.*  Rehabilitation efforts, however, are "only one of many relevant factors to consider at resentencing."  *Id.*  "Resentencing following an appeal does not necessarily require a different sentence for those convictions not reversed on appeal.  The new circumstances are important, but not dispositive."  *Id.*

We find the district court did not abuse its discretion in sentencing Scarlett. The court recognized Scarlett's claim he had not been in trouble over the past

two years and found it did not necessitate changing the factors the court considered important when Scarlett was originally sentenced. The court noted the brutal nature of the assault, protection of the public, and the defendant's rehabilitation. The court also incorporated its statements from the original sentencing, where it stated, "And quite honestly, you, from my assessment, have the greatest propensity for continued violence of any individual I've come across in the last 18 years, and I've come across literally thousands." The court expressed concern Scarlett would eventually seriously hurt someone and expressed the hope he would benefit from treatment.

We affirm Scarlett's conviction and sentence for assault causing bodily injury. We reverse the no-contact order and remand for entry of an order reimposing the order prohibiting Scarlett from having contact with M.H. until October 7, 2019.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**