## IN THE COURT OF APPEALS OF IOWA

No. 19-1031
Filed March 4, 2020

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**GEORGE JAMES JACKSON,**
 Defendant-Appellant.

_____

  Appeal from the Iowa District Court for Story County, James C. Ellefson, Judge.

  George Jackson appeals the sentencing order correcting his original illegal sentence. **AFFIRMED.**

  Jesse A. Macro Jr. and Cole J. Mayer of Macro & Kozlowski, LLP, West Des Moines, for appellant.

  Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

  Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

George Jackson contends the sentencing court erred in correcting his original illegal sentence without holding a hearing where he could be present. Finding no violation of his right to be present, we affirm.

After negotiations with the State, Jackson pled guilty to the crime of domestic abuse assault in violation of Iowa Code section 708.2A(2)(b) (2017), a serious misdemeanor.[1] One convicted of domestic abuse assault must participate in a batterers' treatment program. Iowa Code section 708.2A(10). The "Plea Bargain" provision in Jackson's written guilty plea includes (in bold): "I will also be required to complete the Iowa Domestic Abuse Education Program." The prosecutor summarized the terms of joint plea agreement for the court at the plea hearing, noting one of the terms was that Jackson "complete the . . . Iowa Domestic Abuse Program." During its comprehensive colloquy with Jackson, the plea court told Jackson he would have to participate in the domestic abuse treatment program. Jackson agreed that was his understanding of the plea agreement. At the end of the proceedings, the court accepted the plea, and sentencing was scheduled for a later date.

Inexplicably, the State's written memorandum of plea agreement failed to include the requirement that Jackson participate in the batterers' treatment program. Both parties stood by the memorandum of plea agreement at the sentencing hearing. The court adjudged Jackson guilty.[2] During its oral pronouncement of Jackson's sentence, the court did not order Jackson to

---

[1] Jackson also pled guilty to second-degree burglary and stalking.
[2] Jackson was also adjudged guilty of second-degree burglary and stalking.

participate in a batterers' treatment program as statutorily required. Nor was the requirement in the court's written sentencing order. Jackson appealed his convictions.

A few months after Jackson appealed, the State applied for a nunc pro tunc order asking the court to require Jackson to complete a batterers' treatment program under Iowa Code section 708.2B. The same day the application was filed, the court granted the State's application and entered an order nunc pro tunc, ordering "that the judgment entry filed October 23, 2017, shall be amended to reflect the requirement that [Jackson] complete a batterers' education program as required by Iowa Code Section 708.2B." The nunc pro tunc order was one issue considered by this court in Jackson's appeal. *State v. Jackson*, No. 17-1816, 2018 WL 6706216, at *1-2 (Iowa Ct. App. Dec. 19, 2018).

We concluded Jackson's original sentence was illegal because it failed to order the batterers' treatment program. *Id.* at *1. Since the original sentence was an illegal one, we held that the nunc pro tunc order did not affect the illegal sentence. *Id.* at *2. We vacated "that portion of the sentence imposed by the nunc pro tunc order." *Id.*

> Under the unique circumstances of this case—where Jackson's written guilty plea recited "I will also be required to complete the Iowa Domestic Abuse Education Program," at the plea hearing the prosecutor recited the same requirement when informing the court of the plea agreement, the plea-taking court informed Jackson of the batterers' treatment requirement, and the court had no discretion whether to order the statutorily mandated batterers' treatment program but failed to do so at the time of sentencing—we will not require the court to convene a new sentencing hearing. *See State v. Tenny*, 493 N.W.2d 824, 826 (Iowa 1992) (requiring sentencing courts "to order all defendants convicted of domestic abuse assault to participate in a batterers' treatment program"). Instead, we remand for entry of a corrected sentencing order, which adds the

requirement that Jackson participate in a batterers' treatment program as part of his sentence for his conviction of domestic-abuse assault, and otherwise includes all provisions in the original sentencing order.

*Id.* at *2.

Jackson applied for further review challenging our direction that the sentence be modified without the need to reconvene sentencing. He contended "that if there is to be an amendment to the sentence that he has a right to have the modification made in open court while he is present." He argued,

> A defendant has a right to be personally present at every stage of the proceedings in a criminal case. Jackson has not waived his right in this matter. Jackson contends that if the plea is not set aside, at a minimum a new sentencing hearing should be conducted with appropriate notice, opportunity to be present and right to be heard.

The supreme court denied Jackson's application after en banc consideration. Procedendo issued.

Following the directive of this court, the trial court entered a corrected sentencing order stating:

> The need for this corrected sentencing order was determined by the Iowa Court of Appeals in a decision filed December 19, 2018. Procedendo was filed with the clerk of this court on February 26, 2019. This corrected sentencing order is intended to comply with the decision of the court of appeals and speaks as of the date of the original filing, October 23, 2017.

The corrected sentencing order provides, "As required to correct the original order, the defendant shall complete a batterers' treatment program as required by Iowa Code section 708.2B." Jackson cries foul and appeals.

Jackson argues he had a right under Iowa Rule of Criminal Procedure 2.27(1) to be present at the correction of his sentence. Rule 2.27(1) provides:

> *Felony or misdemeanor*. In felony cases the defendant shall be present personally or by interactive audiovisual closed circuit system at the initial appearance, arraignment and plea, unless a written arraignment form as provided in rule 2.8(1) is filed, and pretrial proceedings, and shall be personally present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. In other cases the defendant may appear by counsel.

Exceptions to the rule do not apply here.

A defendant's presence is not required under rule 2.27 for a "correction of sentence" when the disposition will not be significantly aided by the defendant's presence. *See State v. Austin*, 585 N.W.2d 241, 245 (Iowa 1998). On the other hand, a defendant must be present at proceedings "correcting" a void sentence when imposing a new and different sentence. *See State v. Johnson*, 222 N.W.2d 453, 458 (Iowa 1974). We have recognized that under the rules of criminal procedure, "a distinction exists between proceedings in the district court that modify an existing sentence and those that may impose a new sentence after the original has been vacated or otherwise set aside." *State v. Cooley*, 691 N.W.2d 737, 741 (Iowa Ct. App. 2004). We concluded "[a] defendant's presence is not required in the former instance, but is in the latter." *Id*. *Cooley* holds "that under the Iowa Rules of Criminal Procedure, a defendant's presence is not required where a district court is correcting an existing sentence, so long as the disposition would not be aided by the defendant's presence and the modification does not make the sentence more onerous." *Id*. "However, a defendant has a right to be present and address the court where the court is imposing a new sentence after nullification of the original sentence." *Id*.

Here, the original sentence was not nullified, set aside, or vacated. It was only that portion of the sentence imposed by the nunc pro tunc order that this court vacated. *Jackson*, 2018 WL 6706216, at *2. A whole new sentence was not imposed. The sentence was corrected, not modified. The requirement that Jackson complete a batterers' treatment program is mandated by statute. So Jackson's presence would not have aided or added anything to the disposition in correcting his sentence. It could be argued that adding the batterers' treatment program makes Jackson's sentence more onerous. Nevertheless, the *Cooley* holding was not violated. Jackson included the requirement he attend a batterers' treatment program in his written guilty plea presented to the court. He agreed to this term when asking the court to accept his plea. He again acknowledged the requirement in open court at his plea hearing. No doubt he fully expected his sentence to include the batterers' treatment program provision. So the correction of the sentence adds nothing to and is not "more onerous" than the sentence Jackson agreed to in his plea. In these unique circumstances, we conclude Jackson's presence was not required at the correction of his sentence.

In any event, the presumption of prejudice presumed from a defendant's absence at a critical stage of the proceedings is subject to a harmless error analysis. *See State v. Atwood*, 602 N.W.2d 775, 781 (Iowa 1999). A defendant's absence thus will not always require reversal. *See State v. Wise*, 472 N.W.2d 278, 279 (Iowa 1991). Jackson's acknowledgement and acceptance of the batterers' treatment requirement at his plea hearing belies and rebuts any prejudice he may now claim.

We conclude Jackson did not have to be present when the district court corrected Jackson's sentence.

**AFFIRMED.**