# IN THE COURT OF APPEALS OF IOWA

No. 20-1012
Filed August 18, 2021

**ODELL EVERETT,**
    Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR BLACK HAWK COUNTY,**
    Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Odell Everett appeals the district court's order denying his motion to vacate his sentence. **REVERSED AND REMANDED; WRIT ANNULLED.**

Tiffany Kragnes, Des Moines, for appellant.

Thomas J. Miller, Attorney General and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Odell Everett was adjudged guilty of first-degree robbery following a jury trial in Black Hawk County.  At the sentencing hearing, the prosecutor advised the district court, "obviously this is a mandatory sentence; we'd ask the Court to impose that sentence."  The prosecutor referred to "the 70 percent mandatory minimum" and noted there was also a "sentencing enhancement provision" under Iowa Code section 902.7 (2003), which provided for "the mandatory five as well." The district court sentenced Everett to a prison term not exceeding twenty-five years but only ordered him to serve a mandatory minimum term of five years. Neither the court's oral pronouncement of sentence nor the written sentencing order made reference to the statutory seventy-percent mandatory minimum sentence set forth in Iowa Code section 902.12.[1]

Fifteen years later, Everett filed a motion to vacate his sentence.  He claimed the department of corrections illegally "implemented a mandatory minimum of 70% . . . that the Court did not impose."  At a hearing on the motion, the district court acknowledged Iowa Code section 902.12 required the imposition of a seventy-percent mandatory minimum term and agreed the sentencing court

---

[1] The version of section 902.12 in effect at the time stated the following with respect to first-degree robbery:

> A person serving a sentence for conviction of the following felonies, including a person serving a sentence for conviction of the following felonies prior to July 1, 2003, shall be denied parole or work release unless the person has served at least seven-tenths of the maximum term of the person's sentence:
>
> . . . .
>
> 5. Robbery in the first or second degree in violation of section 711.2 or 711.3.

Iowa Code § 902.12 (2003).

"failed to include reference to 902.12 in the sentencing order." Nonetheless, the court denied Everett's motion, reasoning that the omission was "a scrivener's error."

On appeal, Everett contends his "sentence is illegal and void" because he "was not sentenced to a mandatory minimum [sentence] under Iowa Code section 902.12, yet he is being held as if he were." In his view, "The remedy for this illegal sentence is for [him] to be brought back to Black Hawk County to be resentenced, imposing the mandatory minimum." The State "agrees that the district court failed to impose the minimum sentence required under section 902.12 and that there must be a re-sentencing hearing." The State disagrees with Everett's request to "be present at the hearing." In its view, "the sentence to be imposed is a mandatory one such that the district court would exercise no discretion and the presence of Everett would not aid the district court's sentencing decision in any way."

Iowa Rule of Criminal Procedure 2.23(3)(d) requires a court to allow "the defendant personally" to "make a statement in mitigation of punishment." "[A] defendant's presence is not required where a district court is correcting an existing sentence, so long as the disposition would not be aided by the defendant's presence *and the modification does not make the sentence more onerous*." *State v. Cooley*, 691 N.W.2d 737, 741 (Iowa Ct. App. 2004) (emphasis added).

The mandatory minimum sentence the department required Everett to serve was significantly more onerous than the sentence imposed by the trial court. For that reason, we conclude Everett is entitled to be present at the resentencing hearing. *See State v. Fowler-Ortiz*, No. 06-1934, 2007 WL 2376672, at *1 (Iowa Ct. App. Aug. 22, 2007) ("The modification . . . makes the sentence more onerous.

We conclude [the defendant] should have been before the court when it considered imposition of the lifetime parole."); *cf. State v. Jackson*, No. 19-1031, 2020 WL 1049528, at *3 (Iowa Ct. App. Mar. 4, 2020) (concluding the onerousness requirement of *Cooley* was not violated where the defendant agreed to the added sentencing condition); *State v. Yates*, No. 12-2273, 2014 WL 2600212, at *2 (Iowa Ct. App. June 11, 2014) (concluding the removal of a sentencing enhancement did not require the defendant's presence and the defendant's argument that he "could have enlightened the court on whether a seventy-percent minimum sentence should have applied and whether he was subject to DNA testing" was not grounds for allowing his presence because both components of his original sentence were mandatory). We reverse the denial of the motion to vacate and remand for resentencing in Everett's presence.

**REVERSED AND REMANDED; WRIT ANNULLED.**